UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAM HERAM, | No. 2:13-cv-00780-TLN-EFB PS |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

This matter is before the court on defendant's motion for a more definite statement pursuant to Federal Rule of Civil Procedure ("Rule") 12(e).[1] ECF No. 16. In addition to filing an opposition to the motion,[2] ECF No. 22, plaintiff has filed motions to stay, motion for sanctions, and a request for appointment of counsel. ECF Nos. 27, 31. The court determined that oral argument would not materially assist the court in resolution of the motions and they were ordered submitted without argument. ECF No. 26.

/////

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

[2] Plaintiff's opposition also requested an entry of default against defendant, alleging that defendant failed to properly respond. ECF No. 22 at 1-2. The Clerk construed it as a request for clerk's entry of default, which was denied because defendant has appeared and is defending this action. ECF No. 23.

1

For the following reasons, defendant's motion for a more definite statement must be granted, and plaintiff's motions to stay, motion for sanctions, and request for appointment of counsel must be denied.

I.     Background

On April 22, 2013, plaintiff, who is proceeding pro se, initiated this action against the United States.  ECF No. 1.  The complaint alleges that the Internal Revenue Service ("IRS") audited plaintiff's 2008, 2009, and 2010 tax returns and illegally collected taxes from him at a higher and arbitrary rate for the 1998-2001 and 2008-2010 tax years.  *Id*. at 1.  Plaintiff alleges that he attempted to appeal these arbitrary collections, but was not provided an appeal process.  *Id*.  In addition to money damages, plaintiff seeks an injunction against the government restraining it from collecting taxes and requiring it to provide him with an appeal process.  *Id*.

The complaint also states that plaintiff did not file this action under his real name because he fears revenge from the IRS.  *Id*. at 2.  Defendant now moves for a more definite statement pursuant to Rule 12(e), requesting that the court order plaintiff to file an amended complaint using his actual name instead of the pseudonym, "Ram Heram."  ECF No. 16.

II.    Defendant's Motion for a More Definite Statement

  A.  Legal Standards

Federal Rule of Civil Procedure 12(e) provides that a party may move for a more definite statement of a pleading where it "is so vague or ambiguous that the party cannot reasonably prepare a response."  "Motions for a more definite statement are viewed with disfavor, and are rarely granted."  *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999).  The proper test for evaluating a motion under Rule 12(e) is "whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings."  *Id.*  "A motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e) attacks the unintelligibility of the complaint, not simply the mere lack of detail, and is only proper when a party is unable to determine how to frame a response to the issues raised by the complaint."  *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005).  "Where the complaint is specific enough to [apprise] the responding party of the substance of the claim being asserted or where the detail sought

1  otherwise obtainable through discovery, a motion for a more definite statement should be
2  denied." *U.S. E.E.O.C. v. Alia Corp*, 842 F. Supp. 2d 1243, 1250 (E.D. Cal. 2012).
3       As they relate to identification of parties in a complaint, the Federal Rules of Civil
4  Procedure require the caption to include the names of all the parties.  Fed. R. Civ. P. 10(a).  There
5  is a presumption that litigants will use their real names.  *Doe v. Kamehameha Schools/Bernice*
6  *Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010).  There are limited exceptions.
7  "[M]any federal courts, including the Ninth Circuit, have permitted parties to proceed
8  anonymously when special circumstances justify secrecy."  *Does I Thru XXIII v. Advanced*
9  *Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000).  A party may be allowed to use a pseudonym
10 when nondisclosure of the party's identity is necessary to protect the party from harassment,
11 injury, ridicule or embarrassment.  *Id*. at 1067-68.  However, a party will only be permitted to
12 retain his or her anonymity when "the party's need for anonymity outweighs prejudice to the
13 opposing party and the public's interest in knowing the party's identity."  *Id*.
14       When a party seeks to proceed anonymously because of fear of retaliation, a court must
15 consider five factors: "(1) the severity of the threatened harm, (2) the reasonableness of the
16 anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the
17 prejudice to the opposing party, and (5) the public interest."  *Kamehameha Schools*, 596 F.3d at
18 1041 (9th Cir. 2010).
19       B.  Discussion
20       Defendant argues that plaintiff should have to proceed under his real name because he has
21 failed to show that his need for anonymity outweighs the public interest or the prejudice the
22 government will suffer should he be allowed to proceed anonymously.  ECF No. 16-1 at 2.  The
23 court finds that the *Kamehameha School* factors weigh in the governments favor and therefore
24 plaintiff must proceed in this action under his actual name.
25           1.  The Severity of the Threatened Harm/Reasonableness of the Party's Fears
26       The first two factors, the severity of the threatened harm and the reasonableness of the
27 anonymous party's fears, "are intricately related and should be addressed together."
28 *Kamehameha Schools*, 596 F.3d at 1043.  Here, plaintiff asserts that he is afraid of revenge by the

IRS. ECF No. 1 at 2. In his opposition to the motion, he claims that defendant has "created crimes, criminals and fear for plaintiff's life; . . . coerced plaintiff in an attempt to admit to pay taxes which were not legally required to pay;" manufactured evidence, failed to provide plaintiff an opportunity to litigate tax matters; and "defrauded the courts for the facts." ECF No. 22 at 1. Plaintiff also states that "defendant informed the world through the media that defendant knows plaintiff very well," and that plaintiff has informed defendant of his identity on at least 100 occasions. *Id.* Plaintiff further alleges that he has lost property, faced crimes and criminals, and lived under the fear of losing his life. *Id.* at 2. He also contends that "[i]n 2013, [at] the direction of defendant, others took the control of the property from plaintiff; and caused fire, Killing, damages and injuries [acting as a "KILLING MACHINE"]." *Id.*

Plaintiff's proffered explanations for his fears giving rise to his need to sue anonymously or through a fictitious name are largely unintelligible. Where the allegations are comprehensible on their face, they appear delusional. While plaintiff makes conclusory allegations that the IRS will retaliate against him, it is not entirely clear exactly what plaintiff believes the government will do to him and what factual basis supports such apprehensions.

Plaintiff has not shown a severe threat of harm, nor has he shown that fear of retaliation is reasonable. Accordingly, these factors weigh in the government's favor.

Furthermore, and most importantly, plaintiff asserts that the government does, or at the very least should, already know his identity. He claims that he has previously informed defendant "at least 100 times" of his identity. *Id.* at 2. Given his assertion that the government already knows his identity, there is no basis for his claim that he must proceed with this action under a fictitious name to prevent retaliation.

### 2. Vulnerability to Retaliation

The next factor, vulnerability to retaliation, also weighs in the government's favor. Plaintiff has not shown that he is particularly vulnerable to retaliation. Indeed, as explained above, plaintiff has failed to identify any reasonable threat. Accordingly, this factor favors plaintiff proceeding under his actual name.

/////

4

3. Prejudice to the Government

The government may also suffer prejudice if plaintiff is not required to proceed under his actual name. The government believes, although it is not certain, that it knows plaintiff's identity. ECF No. 16-1 at 3. However, it requests that plaintiff be required to use his real name to avoid potential restrictions on sharing taxpayer information in the event it is incorrect about plaintiff's identify.

The crux of plaintiff's complaint is that the government wrongfully imposed arbitrary taxes for various tax years. ECF No. 1. The government cannot respond to such claims without knowing his plaintiff's identity. Accordingly, this factor weighs against plaintiff proceeding under a fictitious name.

4. Public Interest

The final factor to be considered is the public's interest. "The normal presumption in litigation is that parties must use their real names." *Kamehameha Schools*, 596 F.3d at 1042. "This presumption is loosely related to the public's right to open courts and the right of private individuals to confront their accusers." *Id.* Plaintiff has not shown that the public lacks an interest in knowing his identity. Nor has he provided any basis for rebutting the general presumption that he should have to use his real name. Accordingly, this factor also weighs in the governments favor.

Since all factors weigh in the government's favor, defendant's motion for more definite statement is granted and plaintiff shall file an amended complaint that contains his actual name.[3]

III.    Plaintiff's Motions to Stay and Motion for Sanctions

Plaintiff has filed various motions, including an "URGENT REQUEST FOR A STAY FOR THE PUBLIC WELFARE." ECF No. 27. He requests in this document that the enforcement of undisclosed liens be stayed during the course of this action. *Id.* Plaintiff, however, failed to notice this motion for hearing as required by Local Rule 230. Therefore, the

---

[3] The Ninth Circuit has held that a motion to proceed anonymously is a nondispositive matter under Federal Rule of Civil Procedure 72(a). *Kamehameha* Schools, 596 F.3d at 1041; *see also* 28 U.S.C. § 636(b).

court issued a minute order directing plaintiff to contact the courtroom deputy clerk to obtain available civil law and motion hearing dates. However, plaintiff failed to do so.

On March 28, 2014, plaintiff filed another motion to stay the enforcement of liens. ECF No. 31. In this pleading, plaintiff also requested that sanctions be imposed against defendant for failure to provide discovery. *Id*. at 2. Plaintiff again failed to notice his motions for hearing as required by this court's local rules. Accordingly, the court issued another minute order directing plaintiff to contact court staff to obtain an available hearing date for his motions.

As of the date of this order, none of these motions have been noticed for hearing as required by Local Rule 230. Further, it does not appear from the face of either motion that a stay or sanctions are warranted. Accordingly, plaintiff's two motions to stay and motion for sanctions are denied without prejudice. Should plaintiff renew these motions, plaintiff is admonished that he must notice them for hearing in accordance with Local Rule 230 and set forth the specific ground upon which any such relief is warranted.

IV.     Motion for Appointment of Counsel

Plaintiff's motion for a stay and motion for sanctions includes a request that the court appoint counsel for him. ECF No. 31. 28 U.S.C. § 1915(e)(1) authorizes the appointment of counsel to represent an indigent civil litigant in certain exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir.1990); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir.1988). In considering whether exceptional circumstances exist, the court must evaluate (1) the plaintiff's likelihood of success on the merits; and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell*, 935 F.2d at 1017. The court cannot conclude that plaintiff's likelihood of success, the complexity of the issues, or the degree of plaintiff's ability to articulate his claims amount to exceptional circumstances justifying the appointment of counsel at this time. Accordingly, plaintiff's request is denied.

/////

/////

/////

V.       Conclusion

For the reasons stated above, it is hereby ORDERED that:

1. Defendant's Rule 12(e) motion for a more definite statement, ECF No. 16, is granted.

2. Within 14 days of this order plaintiff shall file an amended complaint bearing plaintiff's real name, as provided herein. Failure to do so will result in a recommendation that this action be dismissed.

3. Plaintiff's motions to stay and motion for sanctions, ECF Nos. 27 and 31, are denied without prejudice.

4. Plaintiff's motion for appointment of counsel, ECF No. 31, is denied.

DATED: July 31, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE