UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | No.  2:13-cv-780-TLN-EFB PS<br><br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

　　　　This matter is before the court on numerous motions.  On October 1, 2014, the case was before the court for hearing on plaintiff's motions for a preliminary injunction, styled as a motion to stay, for terminating sanctions, and appointment of counsel, ECF No. 37, and the government's motion to dismiss plaintiff's first amended complaint for lack of jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6), ECF No. 44.[1]  Trial Attorney Nithya Senra of the Tax Division of the United States Department of Justice appeared on behalf of the government; plaintiff appeared pro se.

　　　　The procedural history of this case is somewhat muddled due to plaintiff's numerous filings.  Subsequent to the filing of defendant's motion to dismiss, plaintiff filed a second amended complaint, which the court construes as a motion to amend.  ECF No. 51.  Plaintiff has

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1

not been granted leave to file that second amended complaint. Nonetheless, the United States has also moved to dismiss that complaint. ECF No. 55. Since the hearing, plaintiff has also filed two motions to quash IRS summons, ECF Nos. 59, 68, another motion for a preliminary injunction, again styled as a motion for a stay, and a motion for sanctions, ECF No. 66.

For the reasons discussed below, plaintiff's motion for appointment of an attorney, ECF No. 37, is denied. Further, it is recommended that the government's motion to dismiss be granted, that the first amended complaint be dismissed without further leave to amend, that plaintiff's motion to amend be denied as futile, and further, that all other pending motions be denied as moot.

I.   Procedural History

On April 22, 2013, plaintiff filed a complaint against the United States under the pseudonym "Ram Heram." ECF No. 1. The government moved for a more definite statement, requesting that plaintiff be required to file an amended complaint using his actual name. ECF No. 16. That motion was granted, ECF No. 35, and on August 12, 2014, plaintiff filed his first amended complaint, identifying himself as Raghvendra Singh, ECF No. 36. Plaintiff also filed a motion for terminating sanctions, appointment of counsel, and for a preliminary injunction (styled as motion for stay). ECF No. 37.

On August 29, 2014, the government moved to dismiss the first amended complaint, and noticed the motion for hearing for on October 1, 2014. The court subsequently continued the hearing on plaintiff's motions, which were noticed for hearing on September 17, 2014, to October 1, 2014, so all motions could be addressed together. ECF No. 50.

On September 18, 2014, plaintiff, without consent from opposing counsel or leave of court, filed a second amended complaint. ECF No. 51; *See* Fed. R. Civ. P. 15(a). Just prior to the October 1, 2014 hearing, defendant filed a motion to dismiss plaintiff's second amended complaint, and noticed that motion for hearing on October 29, 2014. ECF No. 55. On October 1,

/////
/////
/////

2

2014, the court heard argument on the government's two motions to dismiss and plaintiff's motions for an attorney, sanctions, and a preliminary injunction. ECF No. 58.[2]

On October 3, 2014, just two days after the hearing, plaintiff filed a motion to quash an IRS summons, which he styles as a motion to quash a subpoena. ECF Nos. 59. Approximately two weeks later, plaintiff filed another motion for a preliminary injunction, again styled as a motion for a stay, as well as a request for sanctions. ECF No. 59. Then, on December 4, 2014, Plaintiff once again moved for a preliminary injunction and for sanctions. ECF No. 66.[3]

On January 8, 2015, plaintiff filed another motion to quash an IRS summons, which is currently noticed for hearing on February 18, 2015.[4] As discussed below, the court lacks jurisdiction over plaintiff's claims and therefore this case must be dismissed.

I.     Motion for Appointment of Counsel

Plaintiff requests that the court appoint him an attorney, arguing, without elaboration, that appointment is needed to protect the interest of the public. ECF No. 37 at 3. That motion is denied.

28 U.S.C. § 1915(e)(1) authorizes the appointment of counsel to represent an indigent civil litigant in certain exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir.1990); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988). In considering whether exceptional circumstances exist, the court must evaluate (1) the plaintiff's likelihood of success on the merits; and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.

---

[2] Although the government's motion to dismiss the second amended complaint was not fully briefed at the time of the hearing, the court still addressed the motion. As discussed at the hearing, the motion is procedurally defective as it seeks to dismiss a non-operative complaint. Regardless, in light of the recommended disposition on the government's motion to dismiss the first amended complaint, the government's second motion to dismiss is moot.

[3] Because the court determined that oral argument would be of little assistance to the resolution of the motions filed after the October 1 hearing, all hearing dates on these motions were vacated and the motions submitted on the pleadings. E.D. Cal L.R. 230(g).

[4] Since plaintiff's motion to quash an IRS summons must be denied as moot, the February 18, 2015 hearing on that motion is vacated.

*Terrell*, 935 F.2d at 1017.  The court cannot conclude that plaintiff's likelihood of success, the complexity of the issues, or the degree of plaintiff's ability to articulate his claims amount to exceptional circumstances justifying the appointment of counsel.

II.     Motion to Dismiss the First Amended Complaint

Defendant moves to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and failure to state a claim pursuant to Rule 12(b)(6).

    A. Legal Standards

        1.  Rule 12(b)(1) Standards

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by [the] Constitution and statute . . ."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).  Rule 12(b)(1) allows a party to seek dismissal of an action where federal subject matter jurisdiction is lacking.  "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion."  *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

A party may seek dismissal for lack of jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence."  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000)).  In a factual challenge, the court may consider evidence demonstrating or refuting the existence of jurisdiction.  *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).  "In such circumstances, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Id*. (quoting *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987)).

        2.  Rule 12(b)(6) Standards

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  "The

pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740, (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561(1992)).

The court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir.1986).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21(1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127–28 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). However, although the court must construe the pleadings of a pro se litigant liberally, *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985), that liberal interpretation may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268

(9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir.1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981).

### B. First Amended Complaint's Factual Allegations

The first amended complaint is marked with hyperbole and its theory for relief difficult to decipher. However, it clear from the amended complaint that plaintiff brings this action against the United States to challenge the IRS's assessment of plaintiff's tax liabilities for the 1998-2002 and 2008-2010 tax years. ECF No. 36 at 1. It is also clear that the purpose underlying this litigation is to enjoin the IRS from collecting taxes from plaintiff, a remedy specifically barred by statute.

Plaintiff alleges that the IRS "coerced [him] to pay [an] arbitrary amount of taxes . . . with the threat of criminal and civil prosecution." *Id*. at ¶ 2. Plaintiff alleges that the IRS forged documents to prove a case of fraud, presumably against him. *Id*. He then alleges that the IRS denied all business expenses and assessed taxes on the purchase price of a foreclosed property in Elk Grove, California. *Id*. Plaintiff states that "according to the laws" the IRS was required to have "forgiven" the foreclosure. *Id*. Plaintiff also alleges that he immediately appealed the IRS's decision which, according to him, was not recognized, and that in retaliation of his appeal the IRS allegedly collected taxes at a "much higher and arbitrary amount" for his employee taxes from 1998 to 2001, as well as for the years 2008-2010. *Id*. According to plaintiff, the IRS falsely claims that it sent him a deficiency notice stating that he did not timely appeal his tax assessment to the tax court. *Id*. He alleges that he never received such notice. *Id*. at 2. He further alleges that the failure to provide him with proper notice denied him "Legal Procedures" and that the IRS did not follow the "Legal Procedures." *Id*. at ¶ 3.

Plaintiff also claims that the IRS's action caused damages beyond the taxes levied against him. He alleges that as a result of the IRS "liens" and "levies" he did not have the resources to care for his children or make repairs on "the house," causing it to burn down. *Id*. According to

plaintiff, someone died from "the house" burning down, which is somehow attributed to the IRS's conduct. *Id*.

Plaintiff requests that the court enter a "preliminary and permanent injunction against Defendants [sic] restraining them from collection and to provide all Legal Procedure . . ." *Id*. at 3. He further requests the court order defendant to "pay damages due" and to "return the collected money." *Id*.

C. Discussion

Setting aside the hyperbole, the crux of the first amended complaint is plaintiff's claim that the IRS wrongfully assessed his taxes for the years 1998- 2002 and 2008-2010, and therefore the government should be enjoined from collecting the improperly assessed taxes. ECF No. 36 at 1.[5] As defendant argues, plaintiff claims are barred by the Anti-Injunction Act. ECF No. 44-1 at 4.

"Actions to enjoin the assessment of taxes by the IRS are narrowly limited by the Anti-Injunction Act." *Elias v. Connett*, 908 F.2d 521, 523 (9th Cir. 1990). The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). Where the plaintiff's claims are barred by the Anti-Injunction Act, the court is without jurisdiction to hear the plaintiff's claims or grant relief. *Life Science Church v. Internal Revenue Service*, 525 F. Supp. 399, 404 (N.D. Cal. 1981).

The Supreme Court has recognized a narrow exception to the Anti-Injunction Act: "An injunction may be obtained against the collection of any tax if (1) it is 'clear that under no circumstances could the government ultimately prevail' and (2) 'equity jurisdiction' otherwise exists, i.e., the taxpayer shows that he would otherwise suffer irreparable injury." *Church of Scientology v. United States*, 920 F.2d 1481, 1485 (9th Cir. 1990) (quoting *Commissioner v. Shapiro*, 424 U.S. 614, 627 (1976)). In deciding whether the plaintiff has established that this exception applies, the court must construe the facts in the light most favorable to the government.

---

[5] For ease of reference, all citations to court documents are to the pagination assigned via the court's electronic filing system.

*See C.I.R. v. Shapiro*, 424 U.S. 614, 628-29 (1976) (holding that plaintiff bears of the burden of demonstrating that the exception applies); *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7-8 (1962) (holding that the court must view the facts in the light most favorable to the government).

Here, plaintiff provides no allegations demonstrating that the government could not prevail under any circumstances or that he would suffer irreparable harm. Accordingly, this court is without jurisdiction to grant plaintiff the injunctive relief he seeks.

In his first amended complaint, plaintiff cites to 28 U.S.C § 1346 and 26 U.S.C § 7422, which relate to tax refund suits.[6] To the extent plaintiff seek damages based on an improper tax assessment, the court is also without jurisdiction to grant such relief. As a sovereign, the United States is immune from suit except according to its consent to be sued. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). It necessarily follows where Congress waives the immunity of the United States any terms and conditions that it places on the waiver are jurisdictional and must be strictly construed. *See Block v. North Dakota ex rel. Board of Univ. and School Lands*, 461 U.S. 273, 287 (1983); *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992). Under 28 U.S.C. § 1346, Congress has waived the immunity of the United States for suits to recover taxes alleged to have been erroneously or illegally assessed or collected. 28 U.S.C. 1346(a)(1). However, prior to bringing a refund action pursuant to section 1346, a taxpayer must first pay the full amount of the disputed tax and fulfil the administrative requirements of 26 U.S.C. § 7422. *See Flora v. United States*, 362 U.S. 145, 177 (1960).

Plaintiff alleges that he "immediately appealed" and "exhausted all the remedies available to him." ECF No. 36 at 1, 3. Plaintiff, however, has not demonstrated that has paid in full the disputed taxes. Indeed, plaintiff's pleadings demonstrate that he has not paid in full the disputed amount, and that he believes he should not be required to pay the assessed taxes until after he has

---

[6] Plaintiff also cites to 26 U.S.C. § 6402, which provides that "[i]n the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment . . . against any liability of an internal revenue tax on the part of the person who made the overpayment and shall . . . refund any balance to such person." 26 U.S.C. § 6402(a). The complaint, however, contains no allegations that plaintiff over paid his assessed taxes.

an opportunity to fully litigate his case. *See, e.g.,* ECF No. 48 at 2 (arguing that he is not required to pay his taxes until the court has decided that the IRS has shown good cause for its collection efforts), 3 ("The Courts should decide when, how and how much taxes should be paid."); ECF No 49 at 2 ("IRS should not 'assess' a tax or collect it until the taxpayer has had an opportunity to exhaust his administrative remedies, which include an opportunity to litigate his tax liability fully in the Tax Court . . . ."). Accordingly, plaintiff may not dispute his tax liabilities through a refund suit.

Accordingly, this court is without jurisdiction over plaintiff's complaint and it must be dismissed without leave to amend.

III.     Plaintiff's Motion to Amend

On September 18, 2014, plaintiff submitted a second amended complaint. The complaint was not filed in compliance with Federal Rule of Civil Procedure 15(a). A plaintiff may amend the compliant once as a matter of course within 21 days of the service of a defendant's answer or Rule 12(b) motion. Fed. R. Civ. P. 15(a). At the time the purported second amended complaint was filed, plaintiff had already amended his complaint once as a matter of course. ECF No. 36. Therefore, plaintiff could not amend his complaint absent written consent from defendant or the court's leave. *See* Fed. R. Civ. P. 15(b). There is no indication that plaintiff obtained written consent from defendant, and he has not explicitly request leave to amend from the court. Nonetheless, in the interest of judicial economy, the court construes this filing as a motion for leave to amend the complaint pursuant to Rule 15(a). That motion must be denied.

Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing amendment. *Howey v. United States*, 481 F.2d

9

1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187. Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Here, granting leave and permitting plaintiff to proceed on the purported second amended complaint would be futile. The second amended complaint suffers the same infirmities as plaintiff's first amended complaint, and again seeks to challenge the IRS's tax assessments for 1998-2002 and 2008-2010. ECF No. 51. As already explained, this court lacks jurisdiction to hear and decide such claims, and therefore allowing plaintiff to proceed on his second amended complaint would be futile. Accordingly, the motion to amend should be denied.[7]

IV.   Conclusion

Accordingly, it is hereby ordered that:

1. Plaintiff's motion for appointment of counsel, ECF No. 37, is denied; and

2. The February 18, 2015 hearing on plaintiff's motion to quash IRS summons is vacated.

Further, it is hereby RECOMMENDED that:

1. The United States' motion to dismiss plaintiff's first amended complaint, ECF No. 44, be granted.

2. Plaintiff's first amended complaint be dismissed without leave to amend;

3. Plaintiff's second amended complaint, construed as a motion to amend, ECF No. 51, be denied;

4. All other pending motions be denied as moot; and

5. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[7] As this action must be dismissed with prejudice, all other pending motions should be denied as moot.

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 17, 2015.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

11