UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH, | No. 2:13-cv-780-TLN-EFB |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO RECONSIDER** |
| UNITED STATES GOVERNMENT, | |
| Defendant. | |

Plaintiff Raghvendra Singh ("Plaintiff"), proceeding pro se, filed the instant action against the United States Government ("Defendant") on April 22, 2013. (Compl., ECF No. 1.) On February 17, 2015, Magistrate Judge Edmund F. Brennan issued a Finding and Recommendation ("F&R"), advising that Plaintiff's claims be denied and that the case be closed. (F&R, ECF No. 73.) On March 31, 2015, this Court adopted the F&R and ordered that the case be closed. (Order, ECF No. 84.)

Plaintiff has filed two motions following the closing of the case: a Motion for Reconsideration (ECF No. 86) and a Motion to Stay (ECF No. 88). Plaintiff's Motion for Reconsideration was defectively noticed and thus the Court ordered Plaintiff to refile in compliance with Local Rule 230(b). (Min. Order, ECF No. 87.) However, Plaintiff did not heed the Court's advice and subsequently filed the instant Motion to Stay, again not complying with the local rules. Thus, this motion should again be stricken as improper. However, in an effort to

prevent this cycle from repeating itself the Court hereby DENIES Plaintiff's motion on the merits.

Upon review of Plaintiff's Motion to Stay it becomes clear that Plaintiff's intent is for this Court to reconsider its order closing this case. Thus, because Plaintiff is a pro se litigant the Court liberally construes Plaintiff's motion (ECF No. 88) as a Motion to Reconsider. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Federal Rule of Civil Procedure 60(b) ("Rule 60") states as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Therefore, for relief to be afforded, Plaintiff must meet one of Rule 60(b)'s criteria for relief.

- Plaintiff's motion is full of ramblings and conspiracy theories without any factual allegations that could support relief under Rule 60(b). Plaintiff has not met this burden and thus cannot be afforded relief. As such, Plaintiff's motion (ECF No. 88) is DENIED

IT IS SO ORDERED.

Dated: April 15, 2015

Troy L. Nunley
United States District Judge