UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES GOVERNMENT,<br><br>    Defendant. | No. 2:13-cv-00780-TLN-EFB<br><br>**ORDER DENYING MOTION TO RECONSIDER** |

Plaintiff Raghvendra Singh ("Plaintiff"), proceeding pro se, filed the instant action against the United States Government ("Defendant") on April 22, 2013. (Compl., ECF No. 1.) On February 17, 2015, Magistrate Judge Edmund F. Brennan issued a Finding and Recommendation ("F&R"), advising that Plaintiff's claims be denied and that the case be closed. (F&R, ECF No. 73.) On March 31, 2015, this Court adopted the F&R and ordered that the case be closed. (Order, ECF No. 84.)

Plaintiff has filed numerous motions in an attempt to urge the Court to reconsider closing his case. On April 20, 2015, and April 21, 2015, this Court issued two separate minute orders denying Plaintiff's Motion to Stay (ECF No. 90), Motion for Reconsideration, Motion to Vacate or Revise Decision (ECF No. 92), and Motion to Restrain Assessment or To Order Refund (ECF No. 93). (ECF No. 90; ECF No. 94.) Plaintiff has since filed an additional Motion to Stay. (ECF No. 95.) For the reasons stated in the Court's previous order, the Court hereby DENIES

Plaintiff's motion on the merits.

The Court's previous order (ECF No. 89) denied Plaintiff's motion (ECF No. 88) on the basis that Plaintiff failed to meet one of Rule 60(b)'s criteria for relief. Federal Rule of Civil Procedure 60(b) ("Rule 60") states as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Again, the Court finds that Plaintiff's motion is full of ramblings and conspiracy theories without any factual allegations that could support relief under Rule 60(b). Plaintiff has not met this burden and thus cannot be afforded relief. As such, Plaintiff's motion (ECF No. 95) is DENIED.

This case is closed. Should Plaintiff continue to disagree with the Court's ruling, the appropriate course of action is to seek remedy from the Ninth Circuit. Any future filings with this Court will be diregarded. No further orders will be issued in this closed case.

IT IS SO ORDERED.

Dated: May 1, 2015

_____
Troy L. Nunley
United States District Judge

2